

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Thomas Wheat
County Attorney
Liberty County
Liberty, Texas

Dear Sir:

Opinion No. O-3075
Re: Does the commissioners' court
have authority to appropriate
county funds for the payment
of a part or all of the salary
of a stenographer, assistant
or secretary of the investigator
for the Department of Public
Welfare?

Your recent request for an opinion of this department upon the above stated question has been received.

We quote from your letter as follows:

"The question has arisen before the Commissioners' Court of Liberty County, as to whether or not they are authorized to contribute or pay the salary or a part thereof for a stenographer, assistant or secretary to the investigator for the department of Public Welfare, formerly known as the 'Old Age Assistance Commission', it being shown that this assistant or clerical help is needed to talk to the old people when they come into the office, when the investigator is out in the County making his investigation.

"I have advised the investigator for the department of Public Welfare, Mr. Howard S. Bailey, of Liberty, Texas, that the County has the authority to appropriate funds to employ clerical help for him, and I have also advised the Commissioners' Court that they have this authority, however, in order to be safe upon the question, I would like to have

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

a ruling from you and I know that you and
your well learned and well versed assistants
will be able to render me an opinion that
will settle the question, as to whether or
not theCounty is authorized to appropriate
this fund.

"As stated above, it is my opinion that
they are authorized to appropriate funds for
the payment of a salary or a part thereof for
and assistant to the investigator of public
welfare, and I base my opinion upon the fact
that subdivision 11 of Article 2351, provid-
ing for the powers and duties of the Commis-
sioners' Court provides that each Commissioners'
Court shall 'provide for the support of paupers
and such idiots and lunatics, etc.' and Section
43 of Article 695-C known as the 'Public Welfare
Act of 1939(. 46th Legislature, Page 544, Vol-
ume 2, provides 'No provision of this act is
intended to release the counties and municipali-
ties in this State from the specified responsibility
which is currently borne by those counties and
municipalities in support of public welfare, child
welfare, and relief services. Such funds which any
hereinafter be appropriated by the Counties and
municipalities for those services (to-wit, for the
support of paupers, under subdivision 11 of Article
2351 by the Commissioners' Court - my addition)
may be administered throught the County or District
offices of the State department, and if so ad-
ministered, shall be devoted exclusively to the
services in the county or municipality making
such appropriation.'

"As such you see that the acts of the Public
Welfare Act of 1939 in Section 43 thereof expressly
provides, that the money appropriated by the Commis-
sioners' Court for the support of public relief
agencies of the County, may appropriate under sub-
division 11 of Article 2351, by the Commissioners'
Court, and may be administered through the county
or district offices of the State Department, of
public welfare to-wit, the County Investigator,
who in this instance, is Mr. Howard S. Bailey. If
an assistant to provide office help is needed by

him and if the District offices authorize him
to employ clerical help and have so authorized
him to do so, the County would be authorized
to pay her salary under Subdivision 43 of Ar-
ticle 695 C known as the 'Act of Public Wel-
fare.' I say this notwithstanding your opinion
No. O-120 rendered on January 27th, 1939, to
the Honorable Leo Presnell, County Attorney of
Upshur County, Gilmer, Texas, wherein you ruled
that the Commissioners' Court did not have the author-
ity to pay the salary of an assistant or Clerk
to the County Investigator of the Texas Old Age
Assistance Commission, (because it did not consti-
tute County business (in view of Article 6232-8-B)
I say this because your opinion was based upon a
provision under the law providing for an old age
assistance Commission and this law providing for
old age assistance has been superseded by the
law providing for the administering of old age
assistance under the Department of public welfare.

"In view of this, I would like to have an
opinion from you under this question, and I
further refer you to subdivision 'e', Section
5 of Article 695-C above referred to, which
says 'The State Department shall be charged
with the administration of the welfare activities
of the State as hereinafter provided. . . .
Assist other departments, agencies, and institu-
tions of the ocal, State and Federal Governments,
when so requested and cooperate with such agencies
when expedient, in performing services in con-
formity with the purposes of this Act.' And 'g'
provided - 'Establish and provide such method of
local administration as is deemed advisable and
provide such personnel as may be found necessary for
carrying out in an economical way the administration
of this Act;. . .' AAs such under subdivision 'e'
of Section 5 of the Act if the department see fit
to allow Mr. Bailey to employ clerical help as he
has done under their approval, then the County is
authorized to pay this clerical help's salary under
Section 43 of this Act, where as above mentioned
herein it is provided that the funds of the County
may be administered through the County or District

Honorable Thomas Wheat, Page 4

offices, and if the County or District Offices see fit to administer these funds by paying them to clerical help, then I think this would be lawful.

"I also refer you to your Opinion No. 0-221", wherein you say:

"'When Commissioners' Courts were burdened with the duty of providing support for such persons, they were given the sound discretion of determining those whom they were required to provide for under the terms of the Statute. By necessary implication they acquired the power to employ such help as might be necessary to properly sift out those entitled to such relief and to investigate and ascertain the extent and amount of the need.'

"Please give me an immediate reply as per this request."

We have carefully considered your letter and the statutes mentioned therein, but do not agree with your conclusion.

The State Board of Public Welfare is charged with the administration of the welfare activities of the State as is mentioned in Section 5 of Article 695-C, Vernon's Annotated Civil Statutes. After carefully considering the statute as a whole, we have been unable to find any provision authorizing the Commissioners' Court to make appropriations and expenditures for the purpose mentioned in your letter. Paragraph (g) of Section 5 of Article 695-B, providing that the State Board of Public Welfare shall establish and provide such method of local administration as is deemed advisable, and providing for such personnel as may be found necessary for carrying out in an economical way the administration of the Act, does not authorize the Commissioners'Court to make an appropriation to pay the salaries of such personnel engaged in the local administration of the Act. The same can be said with reference to Section 43 of Article 695-C.

We do not believe that subdivision 11 of Article 2351, Vernon's Annotated Civil Statutes, can be construed as authorizing the Commissioners' Court to make an appropriation and expend

the same for the purpose above mentioned. Neither can our Opinion No. O-2217, mentioned in your letter, be construed as authorizing such an appropriation and expenditure.

(b) We have been unable to find any statute that expressly or by implication authorizes a Commissioners' Court to appropriate and expend funds for the payment of a part or all of the salary of a stenographer, assistant or secretary of the investigator for the Department of Public Welfare. Therefore, the question as above stated is respectfully answered in the negative.

We are enclosing herewith a copy of our Opinion No. O-2739A, touching the subject under consideration and a copy of our Opinion No. O-120, mentioned in your inquiry.

Trusting that we have fully answered your inquiry, we are

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By          Ardell Williams (S)
            Assistant

AW:RS:bg

APPROVED FEB. 12, 1941
Gerald C. Mann (S)
ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion Committee
By BWB chairman